IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TROVER GROUP, INC., and<br>THE SECURITY CENTER, INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>PANASONIC CORPORATION OF<br>NORTH AMERICA,<br><br>*Defendant.* | § § § § § § § § § § § § § | CIVIL ACTION NO. 2:14-cv-1175<br>JURY DEMAND |

## PLAINTIFFS' ORIGINAL COMPLAINT

1.     Plaintiffs Trover Group, Inc. and The Security Center, Inc. (collectively "Plaintiffs" or "Security Center") file this, their Original Complaint for patent infringement. Plaintiffs assert claims for patent infringement of U.S. Patent No. 5,751,346 ("the '346 Patent"), a copy of which is attached hereto as Exhibit "A" against Defendant Panasonic Corporation or North America under 35 U.S.C. § 271, *et seq*. In support thereof, Plaintiffs Trover Group, Inc. and Security Center, Inc. would respectfully show the Court the following:

### PARTIES

2.     Plaintiff Trover Group, Inc. ("Trover") is a Texas corporation with its principal place of business located at 101 East Park Blvd., Suite 600, Plano, Texas 75074. Trover was formerly known as Dozier Financial Corporation.

3.     Plaintiff The Security Center, Inc. ("Security Center") is a Texas corporation with its principal place of business located at 10750 Forest Lane, Dallas, Texas 75243. Plaintiffs Security Center and Trover are sister corporations.

1

4. Defendant Panasonic Corporation of North America ("Panasonic") has its principal place of business located at One Panasonic Way, Secaucus, New Jersey 07094. Panasonic does business in the State of Texas and in the Eastern District of Texas. Panasonic maintains a registered agent for service of process in Texas. Accordingly, Panasonic may be served through its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code. This Court has exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendant Panasonic. Panasonic conducts business within the State of Texas and the Eastern District of Texas. Panasonic directly or through intermediaries (including distributors, retailers, and others) ships, distributes, offers for sale, sells, and advertises its products in the United States, the State of Texas, and the Eastern District of Texas. Panasonic has purposefully and voluntarily placed infringing products in the stream of commerce with the expectation that its products will be purchased by end users in the Eastern District of Texas. Panasonic has committed the tort of patent infringement within the State of Texas and this District.

7. Venue is proper in the Eastern District of Texas under 28 U.S.C. §§ 1391(b) and 1400.

8. In 2006, Trover enforced the '346 Patent against two infringers, Diebold Corporation and Verint Systems, Inc. by bringing separate actions for patent infringement in the United States District Court for the Eastern District of Texas, Marshall Division, in Case Nos. 2:06-cv-445-TJW-CE and 2:06-cv-532-TJW-CE. The Court held a claim construction hearing and

issued a claim construction order in the Diebold case.  The 445 and the 532 cases were completely resolved and dismissed.  Trover and Security Center also filed an action for patent infringement against Tyco Integrated Security, LLC; Sensormatic, LLC; ADT, LLC; March Networks, Inc. and 3VR Security, Inc. in Case No. 2:13-cv-052, also in the United States District Court for the Eastern District of Texas, Marshall Division.  The Court in that case held a claim construction hearing and issued a claim construction order construing the terms of the '346 Patent.  That case has now been completely resolved and dismissed.  Trover and Security Center further filed an action for patent infringement against Vicon Industries, Inc. in Case No. 2:14-cv-872 in the United Stated District Court for the Eastern District of Texas, Marshall Division.  That case has likewise been completely resolved and dismissed.  Finally, Trover and Security Center have filed the following actions in the United States District Court for the Eastern District of Texas in order to enforce the '346 Patent:

- *Trover Group, Inc., et al. v. i3 International Inc.* (Case No. 2:13-cv-1046);

- *Trover Group, Inc., et al. v. Dedicated Micros USA* (Case No. 2:13-cv-1047);

- *Trover Group, Inc., et al. v. HIKVision USA, Inc.* (Case No. 2:13-cv-1123);

- *Trover Group, Inc., et al. v. Axis, Inc.* (Case No. 2:13-cv-1125).

The 1046, 1047, 1123 and 1125 cases have been consolidated for pre-trial purposes under Case No. 2:13-cv-1047, and they have been assigned to Judge Bryson by appointment. (*See,* Dkt. No. 53).

## PATENT INFRINGEMENT

9. On May 12, 1998, the United States Patent and Trademark Office ("PTO") issued the '346 Patent, entitled "Image Retention and Information Security System," after a full and fair examination. The patent relates generally to video monitoring systems, and in particular to such systems that store images based on the detection of changes in the pixilation between images.

10. The '346 Patent contains five independent and two dependent claims.

11.    The '346 Patent was originally assigned to Dozier Financial Corporation, a company owned and controlled by Charles Dozier ("Dozier"), one of the named inventors, and his family. Dozier Financial Corporation later changed its name to Trover Group, Inc. Plaintiff Trover is the successor-in-interest to Dozier Financial Corporation and is the assignee of all rights, title and interest in and to the '346 Patent and possesses all rights of recovery under the '346 Patent. Plaintiff Security Center is also a business owned and controlled by Dozier and his family that has been granted an exclusive license of the '346 Patent from Trover. Security Center manufactures and sells the IRIS DVS, IRIS Total Vision and EyzOn products, which are commercial embodiments of the '346 Patent. As the exclusive licensee of the '346 Patent, Security Center has the right to enforce the patent and to recover all damages available under law. Security Center also has the right to seek injunctive relief with respect to the '346 Patent.

**Infringement of the '346 Patent**

12.    Panasonic manufactures and sells to customers within the United States numerous digital cameras and video recording devices that infringe the '346 Patent, including but not limited to the following (collectively "Accused Products"):

| IP Cameras | WV-SFR311 | WV-SW115 |
|---|---|---|
| WV-NW502S | WJ-NV200V | WV-SW152 |
| WV-SC385 | WJ-NV200V | WV-SW155 |
| WV-SC386 | WV-SFR611L | WV-SW158 |
| WV-SC588 | WV-SFR631L | WV-SW172 |
| WV-SF138 | WV-SFV310 | WV-SW175 |
| WV-SF332 | WV-SFV311 | WV-SW316 |
| WV-SF335 | WV-SFV611L | WV-SW316L |
| WV-SF336 | WV-SFV631L | WV-SW352 |
| WV-SF342 | WV-SFV631LT | WV-SW355 |
| WV-SF346 | WV-SP302 | WV-SW395 |
| WV-SF438 | WV-SP305 | WV-SW395A |
| WV-SF458 | WV-SP306 | WV-SW396 |
| WV-SF458M | WV-SP508 | WV-SW396A |
| WV-SF539 | WV-SP509 | WV-SW559 |
| WV-SF549 | WV-SPN310 | WV-SW598 |

| | | |
|---|---|---|
| WV-SFN310<br>WV-SFN311<br>WV-SFN611L<br>WV-SFN631L<br>WV-SFR310 | WV-SPN311<br>WV-SPN611<br>WV-SPN631<br>WV-ST162<br>WV-ST165 | DVRs<br>WJ-HD616<br>WJ-HD716<br>NVRs<br>WJ-ND400<br>WJ-NV300 |

13. The Accused Products allow images to be compressed in various formats, including JPEG and/or MJPEG. The Accused Products also include motion detection functionality that compares two digitized images to determine if there has been a change in the pixels of the images that exceeds a set threshold. If such a change is determined to have occurred, then the second image is saved. Later the saved images can be retrieved for examination. Further, the Accused Products allow images to be stored locally through an SD micro card.

14. Panasonic tests, demonstrates and provides training on how to operate the Accused Products in the United States. For example, Panasonic routinely participates in industry trade shows such as the ISC West trade show held every year in Las Vegas, Nevada, or the ASIS trade show, held at various locations throughout the United States. At these trade shows, Panasonic has displayed one or more of the Accused Products and has provided demonstrations of the various functions and features of those products, including the motion detection feature. Upon information and belief, Panasonic routinely tests the Accused Products in the United States to verify that the products operate as they are designed and intended.

15. The Accused Products infringe the '346 Patent and compete with the IRIS line of products and the EyzOn series of cameras made and sold by the Security Center.

**Panasonic Has Knowledge of the '346 Patent**

16. The Security Center has consistently marked its IRIS DVS, IRIS Total Vision, and EyzOn products with the patent number for the '346 Patent since it first issued. The Security

5

Center has publicly displayed its IRIS DVS and IRIS Total Vision products at numerous industry trade shows and conventions held at various locations through the years. The Security Center publicly displayed its EyzOn camera at the 2013 ISC West trade show and convention in Las Vegas in May of 2013. Panasonic was also an exhibitor at the same trade show. Upon information and belief, employees or representatives from Panasonic visited the Security Center's booth and would have seen the IRIS and EyzOn products, and a copy of the '346 Patent that was also on display.

17. The '346 Patent has been cited as prior art with respect to 68 patent applications.

18. Panasonic has had actual knowledge of the '346 Patent since at least the date on which it was served with a copy of this Complaint.

### COUNT ONE: PATENT INFRINGEMENT OF THE '346 PATENT

19. Trover and the Security Center reallege paragraphs 1 through 18 herein.

20. By testing and demonstrating the operations and functionalities of the Accused Products in the United States, including but not limited to the motion detection feature or functionality, Panasonic directly infringes one or more of Claims 4, 5, 6 and 7 of the '346 Patent, either literally or through the doctrine of equivalents. In addition, by selling and offering to sell these products to customers in the United States, Panasonic is actively, intentionally, and/or knowingly inducing or contributing to the infringement of one or more of Claims 4, 5, 6 and 7 the '346 Patent by others, either literally or through the doctrine of equivalents.

21. The Accused Products have no substantial uses that do not infringe the '346 Patent.

22. Unless enjoined by this Court, Panasonic will continue to infringe the '346 Patent through its sales of these products.

**MISCELLANEOUS**

23.     The Plaintiffs have satisfied all conditions precedent to filing this action, or any such conditions that have not been satisfied have been waived.

24.     Through this pleading, the Plaintiffs have not elected any one remedy to which they may be entitled, separately or collectively, over any other remedy.

**RELIEF**

Plaintiffs Trover and Security Center respectfully request the following relief:

A.      That the Court issue a preliminary injunction against Panasonic, enjoining it from making, using, selling, or offering for sale in the United States any products, and from undertaking any processes or methods embodying the patented inventions claimed in the '346 Patent during the pendency of this case;

B.      That the Court issue a permanent injunction against Panasonic from making, using, selling, or offering for sale in the United States any products, and from undertaking any processes or methods embodying the patented inventions claimed in the '346 Patent;

C.      That the Court award damages to Plaintiffs Trover and Security Center to which each is entitled;

D.      That the Court declare this to be an "exceptional" case under 35 U.S.C. § 285;

E.      That the Court award pre-judgment and post-judgment interest on such damages at the highest rates allowed by law;

F.      That the Court award Plaintiffs Trover and Security Center their costs and attorneys' fees incurred in this action; and

G. That the Court award such other and further relief, at law or in equity, as the Court deems just and proper.

A JURY TRIAL IS DEMANDED BY PLAINTIFFS TROVER GROUP, INC. AND SECURITY CENTER, INC.

Respectfully submitted,

By: */s/ Steven N. Williams*
**Steven N. Williams**
swilliams@mcdolewilliams.com
Texas Bar No. 21577625
**Kenneth P. Kula**
kkula@mcdolewilliams.com
Texas State Bar No. 24004749
**William Z. Duffy**
zduffy@mcdolewilliams.com
Texas State Bar No. 24059697
**McDOLE WILLIAMS**
**A Professional Corporation**
1700 Pacific Avenue, Suite 2750
Dallas, Texas 75201
(214) 979-1122 - Telephone
(214) 979-1123 – Facsimile
**ATTORNEYS FOR PLAINTIFFS**