**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| TROVER GROUP, INC. and THE SECURITY CENTER, INC., <br><br> *Plaintiffs* <br><br> vs. <br><br> PANASONIC CORPORATION OF NORTH AMERICA, <br><br> *Defendant* | Civil Action No. 2:14-CV-1175 <br><br> JURY DEMAND |

**DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S
ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Defendant Panasonic Corporation of North America ("Panasonic" or "Defendant"), through its undersigned counsel, answers Plaintiffs' Original Complaint (Dkt. No. 1) (the "Complaint"), asserts its affirmative defenses, and asserts its counterclaims as follows:

1. Defendant admits that Plaintiffs allege infringement of U.S. Patent No. 5,751,346 (the "'346 Patent"). Defendant denies that Plaintiffs' infringement allegations are meritorious. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 and, therefore, denies them.

**PARTIES**

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and, therefore, denies them.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and, therefore, denies them.

4. Defendant denies that it has its principal place of business located at One Panasonic Way, Secaucus, New Jersey 07094. Defendant admits the remaining allegations in Paragraph 4.

## JURISDICTION AND VENUE

5. Defendant admits that Plaintiffs purport to bring a claim for patent infringement. Defendant does not dispute that this Court possesses subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. Defendant admits that the Court possesses personal jurisdiction over Defendant for the above-captioned matter. Defendant denies purposefully and voluntarily placing infringing products in the stream of commerce. Defendant denies committing the tort of patent infringement in Texas, the Eastern of District of Texas or anywhere else. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, therefore, denies them.

7. Defendant does not deny that venue is technically proper, but Defendant denies that venue is appropriate and reserves its right to seek transfer under 28 U.S.C. § 1404.

8. Defendant admits that the PACER database indicates that Plaintiffs brought the actions described in Paragraph 8 and that the procedural details alleged by Plaintiffs with respect to those actions appear accurate to the extent such information can be obtained from PACER. Defendant is without knowledge or information sufficient to form a belief as to the truth of the patent infringement allegations underlying the litigation matters described in Paragraph 8 and, therefore, denies them.

## PATENT INFRINGEMENT

9. Defendant admits that Plaintiffs' Complaint includes an attachment that purports to be the alleged '346 Patent as described in Paragraph 9. Defendant denies that the '346 Patent was duly and legally issued, that the USPTO examined the applications underlying the '346 Patent fully and fairly, or that any of the claims of the '346 Patents are valid. Defendant denies the remaining allegations of Paragraph 9.

10. Defendant admits that the alleged copy of the '346 Patent attached to the Complaint appears to include five independent claims and two dependent claims. Defendant reiterates its denial that any of the claims of the '346 Patent are valid.

11. Defendant denies that Plaintiff Security Center is entitled to seek any damages from, or injunctive relief against, Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 and, therefore, denies them.

12. Defendant denies Plaintiffs' allegations in Paragraph 12 that the products listed in Paragraph infringe the '346 Patent. Defendant denies that Plaintiffs performed the necessary pre-suit investigation for alleging infringement against each of the products listed.

13. Paragraph 13 includes terms and phrases that are unclear and the meaning of which are likely to be subject of, or affected by, claim construction in this action. Accordingly, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and, therefore, denies them. Defendant denies that Plaintiffs performed the necessary pre-suit investigation for alleging infringement against each of the products listed.

14. Defendant admits that it tests, demonstrates and provides training on how to operate at least some of the identified accused products in the United States. Defendant admits that it routinely participates in industry trade shows. Defendant admits that it has displayed one or more of the Accused Products and has provided demonstrations of the various functions and features of those products, including the motion detection feature. Panasonic admits that it routinely tests the Accused Products in the United States to verify that the products operate as they are designed and intended.

15. Defendant denies each and every allegation set forth in Paragraph 15 of the Complaint.

16. Defendant admits that it was an exhibitor at the 2013 ISC West trade show. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 and, therefore, denies them.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and, therefore, denies them.

18. Defendant denies that it had actual knowledge of the '346 Patent until the date when it was served with a copy of the Complaint.

**COUNT ONE: PATENT INFRINGEMENT OF THE '346 PATENT**

19. Defendant incorporates Paragraphs 1 through 18 of this Answer by reference.

20. Defendant denies each and every allegation in Paragraph 20.

21. Defendant denies each and every allegation in Paragraph 21.

22. Defendant denies each and every allegation in Paragraph 22.

**MISCELLANEOUS**

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and, therefore, denies them.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and, therefore, denies them.

**RELIEF**

Defendant denies that Plaintiffs are entitled to any of the relief sought or any relief or remedy whatsoever. Defendant denies that it has directly, indirectly, contributorily or by inducement, literally or by the doctrine of equivalents, infringed, willfully or otherwise, the '346 Patent. Defendant denies that Plaintiffs are entitled to any injunctive relief, damages, a declaration that this is an "exceptional" case, pre- or post-judgment interest, costs or attorneys' fees, or any relief at law or in equity.

**DEFENSES**

Defendant asserts, without assuming any burden of pleading or proof that would otherwise rest on Plaintiffs, the following defenses and reserves the right to amend as additional information becomes known.

**FIRST DEFENSE**

25. Defendant has not infringed, and does not infringe, any valid, enforceable claim of the '346 Patent, literally, under the doctrine of equivalents, directly, contributorily, by inducement, willfully, or in any other manner.

**SECOND DEFENSE**

26. The asserted claims of the '346 Patent are invalid and void for failure to comply with the requirements of 35 U.S.C. §§ 101 *et seq*.

**THIRD DEFENSE**

27. Plaintiffs are estopped from construing any valid claim of the '346 Patent to cover or include, either literally or by application of the doctrine of equivalents, any of the accused products because of admissions and/or statements made to the USPTO in the specification of, and during the prosecution of, the applications leading to the issuance of the '346 Patent.

**FOURTH DEFENSE**

28. Plaintiffs' alleged damages are limited to the extent that Plaintiffs, their predecessors-in-interest, or their licensees failed to properly mark pursuant to 35 U.S.C. § 287 or otherwise give proper notice.

**FIFTH DEFENSE**

29. The equitable doctrines of acquiescence, estoppel, laches, unclean hands and/or waiver bar some or all of Plaintiffs' claims for damages and other relief.

**SIXTH DEFENSE**

30. No basis exists for the grant of equitable relief because Plaintiffs have an adequate remedy at law.

**COUNTERCLAIMS**

Defendant and Counterclaim Plaintiff Panasonic Corporation of North America ("Panasonic") asserts the following counterclaims against Plaintiffs and Counterclaim Defendants Trover Group, Inc. ("Trover Group") and The Security Center, Inc. ("Security Center," with Trover Group, "Counterclaim Defendants").

**THE PARTIES**

1. Panasonic Corporation of North America is a Delaware corporation with its principal place of business located at 2 Riverfront Plaza, Newark, NJ 07102-5490.

2. Plaintiff Trover Group alleges that it is a Texas corporation with its principal place of business located at 101 East Park Blvd., Suite 600, Plano, Texas 75074.

3. Security Center alleges that it is a Texas corporation with its principal place of business located at 10750 Forest Lane, Dallas, Texas 75243.

## JURISDICTION AND VENUE

4. This Court possesses subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

5. By filing the Complaint, Counterclaim Defendants have consented to the personal jurisdiction of this Court.

6. Venue for these counterclaims is proper under 28 U.S.C. § 1391.

7. An actual and justiciable controversy exists between Panasonic and Counterclaim Defendants concerning the alleged infringement and validity of the '346 Patent based on the Complaint alleging infringement by Panasonic.

## FIRST COUNTERCLAIM

**(Declaratory Judgment of Non-infringement of the '346 Patent)**

8. Panasonic realleges and incorporates by reference the allegations in Paragraphs 1 through 7, above.

9. Panasonic has not infringed and is not infringing any claim of the '346 Patent.

10. Because an actual and justiciable controversy exists between Panasonic and Counterclaim Defendants concerning the alleged infringement of the '346 Patent, this Court should declare that Panasonic does not and did not infringe any claim of the '346 Patent.

## SECOND COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '346 Patent)

11. Panasonic realleges and incorporates by reference the allegations in Paragraphs 1 through 10, above.

12. One or more claims of the '346 Patent are invalid for failure to comply with the requirements of 35 U.S.C. §§ 101 et seq.

13. Because an actual and justiciable controversy exists between Panasonic and Counterclaim Defendants concerning the validity of the '346 Patent, this Court should declare that the '346 Patent is invalid.

## JURY DEMAND

Panasonic respectfully demands a trial by jury on all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, Panasonic respectfully requests that the Court enter judgment in favor of Panasonic and award the following relief:

A. Declaratory Judgment that Panasonic has not infringed, and does not infringe, and valid and enforceable claim of the '346 Patent;

B. Declaratory Judgment that the claims of the '346 Patent are invalid;

C. Declaratory Judgment that Plaintiffs recover nothing from Panasonic;

D. Dismissal with prejudice of all claims in the Complaint against Panasonic;

E. A finding that this is an exceptional case under 35 U.S.C. § 285 and award Panasonic its costs and attorneys' fees; and,

F. Any further necessary and proper relief as this Court may deem just and proper.

DATED: April 10, 2015                    Respectfully submitted,

By: /s/ Kevin D. Collins

Kevin D. Collins
Katten Muchin Rosenman LLP
Texas Bar No. 24050438
111 Congress Avenue, Suite 1000
Austin, Texas 78701-4073
kevin.collins@kattenlaw.com
(512) 691-4007    direct
(512) 691-4001    fax

Michael A. Dorfman
Katten Muchin Rosenman LLP
*pro hac vice filed*
525 West Monroe Street
Chicago, Illinois  60661
michael.dorfman@kattenlaw.com
(312) 902-5658    direct
(312) 902-1061    fax

***ATTORNEYS FOR PANASONIC CORPORATION OF NORTH AMERICA***

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 10, 2015.

/s/ *Kevin D. Collins*
Kevin D. Collins