# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

TROVER GROUP, INC. and
THE SECURITY CENTER, INC.,

     *Plaintiffs*

  vs.

PANASONIC CORPORATION OF
NORTH AMERICA,

     *Defendant*

Civil Action No. 2:14-CV-1175

## DEFENDANT'S MOTION TO DISMISS TROVER GROUP, INC. AND THE SECURITY CENTER, INC.'S CLAIMS OF INDIRECT PATENT INFRINGEMENT

# TABLE OF CONTENTS

**Page**

I.     BACKGROUND ...........................................................................................................2

II.    LEGAL STANDARD....................................................................................................3

III.   PLAINTIFFS' CLAIMS REGARDING PRE-SUIT INFRINGEMENT SHOULD BE DISMISSED BECAUSE THE COMPLAINT FAILS TO IDENTIFY FACTS SUFFICIENT TO ESTABLISH PRE-SUIT KNOWLEDGE OF THE '346 PATENT. ......................................................................................................................5

IV.   PLAINTIFFS' COMPLAINT FAILS TO ADEQUATELY PLEAD INDIRECT INFRINGEMENT BECAUSE IT DOES NOT ALLEGE THE FACTUAL CONTENT NECESSARY TO SUPPORT THE CLAIM. ..................................................8

     A.    Plaintiffs Fail to Plead Facts to Plausibly Allege Knowledge of the Patent or of the Alleged Infringement. ....................................................................................... 9

     B.    Plaintiffs Fail to Plead Facts to Plausibly Allege No Substantial Non-Infringing Use, Which Is Required for Contributory Infringement. ...................................... 10

     C.    Courts Routinely Dismiss Deficient Indirect Infringement Claims...................... 12

V.    GIVEN THE LIMITED DAMAGES IN THIS CASE, THE COURT IS FREE TO DISMISS THE COMPLAINT TO PRESERVE THE COURT'S RESOURCES. ...........13

VI.   THE PRAYER FOR INJUNCTIVE RELIEF SHOULD BE STRUCK FROM THE COMPLAINT BECAUSE THE RELIEF SOUGHT IS NOT RECOVERABLE AS A MATTER OF LAW.................................................................14

VII.  CONCLUSION............................................................................................................15


# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*,
No. W:13–CV–365 2014 WL 2892285 (W.D. Tex. May 12, 2014) ....................................6, 8

*AntiCancer Inc. v. Xenogen Corp.*,
248 F.R.D. 278 (S.D. Cal. 2007) .........................................................................................13

*Apeldyn Corp. v. AU Optronics Corp.*,
831 F. Supp. 2d 817 (D. Del. 2011) *aff'd*, 522 F. App'x 912 (Fed. Cir. 2013) ........................6

*Aro Mfg. Co. v. Convertible Top Replacement Co.*,
377 U.S. 476 (1964)...............................................................................................................9

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..................................................................................................... *passim*

*Babbage Holdings, LLC v. Activision Blizzard, Inc.*,
No. 2:13-CV-750, 2014 WL 2115616 (E.D. Tex. May 15, 2014)..........................................14

*Bedrock Computer Technologies, LLC v. Softlayer Technologies, Inc.*,
No. 609 CV 269, 2010 WL 5175172 (E.D. Tex. Mar. 29, 2010) ...........................................13

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)...............................................................................................3, 4, 8, 13

*Discflo Corp. v. Am. Process Equip., Inc.*,
No. 11-CV-476, 2011 WL 6888542 (S.D. Cal. Dec. 29, 2011) ............................................13

*DSU Med. Corp. v. JMS Co.*,
471 F.3d 1293 (Fed. Cir. 2006)..............................................................................................5

*Elan Microelectronics Corp. v. Apple, Inc.*,
No. 09-CV-1531, 2009 WL 2972374 (N.D. Cal. Sept. 14, 2009) ..........................................13

*Eolas Technologies, Inc. v. Adobe Sys., Inc.*,
No. 6:09-CV-446, 2010 WL 2026627 (E.D. Tex. May 6, 2010).............................................13

*Global-Tech Appliances, Inc. v. SEB S.A.*,
131 S. Ct. 2060 (2011)........................................................................................................4, 9

*Hemphill v. Celanese Corp.*,
No. 3:08-CV-2131, 2009 WL 2949759 (N.D. Tex. Sept. 14, 2009) .......................................14

*Hewlett-Packard Co. v. Intergraph Corp.*,
 No. 03-CV-2517, 2003 WL 23884794 (N.D. Cal. Sept. 6, 2003) ..........................................13

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
 681 F.3d 1323 (Fed. Cir. 2012)..................................................................................... *passim*

*InMotion Imagery Technologies v. Brain Damage Films*,
 No. 2:11-CV-414, 2012 WL 3283371 (E.D. Tex. Aug. 10, 2012) ..............................4, 11, 12

*Landmark Technology LLC v. Aeropostale*,
 No. 6:09-CV-262, 2010 WL 5174954 (E.D. Tex. 2010) ........................................................13

*Lans v. Digital Equip. Corp.*,
 252 F.3d 1320 (Fed. Cir. 2001).............................................................................................15

*Lone Star Document Mgmt., LLC v. Atalasoft, Inc.*,
 No. 2:11-CV-319, 2012 WL 4033322 (E.D. Tex. Sept. 12, 2012)..........................................9

*Mallinckrodt, Inc. v. E-Z-Em, Inc.*,
 670 F. Supp. 2d 349 (D. Del. 2009) .....................................................................................13

*Realtime Data, LLC v. Stanley*,
 721 F. Supp. 2d 538 (E.D. Tex. 2010) ..................................................................................13

*Ricoh Co. v. Quanta Computer Inc.*,
 550 F.3d 1325 (Fed. Cir. 2008)............................................................................................12

*Schabaz v. Polo Ralph Lauren Corp.*,
 586 F. Supp. 2d 1205 (C.D. Cal. 2008) ................................................................................14

*Sony Corp. of Am. v. Universal City Studios, Inc.*,
 464 U.S. 417 (1984)..............................................................................................................12

*Symantec Corp. v. Computer Assocs. Int'l, Inc.*,
 522 F.3d 1279 (Fed. Cir. 2008)...............................................................................................5

*Tech. Licensing Corp. v. Technicolor USA, Inc.*,
 No. 2:03-CV-1329, 2010 WL 4070208 (E.D. Cal. Oct. 18, 2010)........................................13

*U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*,
 No. 6:12-CV-366, 2013 WL 8482270 (E.D. Tex. Mar. 6, 2013) .......................................4, 10

*Vita-Mix Corp. v. Basic Holding, Inc.*,
 581 F.3d 1317 (Fed. Cir. 2009)...............................................................................................9

*Wistron Corp. v. Phillip M. Adams & Associates, LLC*,
 No. 10-CV-4458, 2011 WL 4079231 (N.D. Cal. Sept. 12, 2011) ..........................................13

*Wright Mfg., Inc. v. Toro Co.*,
   No. 11-CV-1373, 2011 WL 6211172 (D. Md. Dec. 13, 2011)................................................13

**Statutes**

35 U.S.C. § 154(a)(2)........................................................................................................................2

35 U.S.C § 271(c) ...........................................................................................................................11

**Rules**

Fed. R. Civ. P. 8(a) .....................................................................................................................3, 4

Fed. R. Civ. P. 12(b)(6)........................................................................................................1, 3, 4, 14

Fed. R. Civ. P. 12(f).....................................................................................................................2, 14

Fed. R. of Evid. 201 (b)-(c)..............................................................................................................6

**Other Authorities**

http://www.uspto.gov/web/offices/ac/ido/oeip/taf/issuyear.htm ....................................................6

Defendant Panasonic Corporation of North America ("Panasonic"), through its undersigned counsel, hereby moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to partially dismiss Plaintiffs Trover Group, Inc. and The Security Center, Inc.'s (collectively, "Plaintiffs") Complaint.   Specifically, Panasonic moves to dismiss Plaintiffs' allegations of indirect infringement.

Plaintiffs' Complaint is replete with failures to sufficiently plead essential elements.   For instance, Plaintiffs' failure to plead the requisite pre-suit knowledge of the asserted patent requires dismissal of all claims for indirect infringement before filing of the lawsuit.[1]   But even putting aside the issue of knowledge of the patent, the Complaint does not sufficiently plead that Panasonic had specific intent to induce infringement, or that Panasonic knew that any third party was infringing.   Similarly, Plaintiffs' contributory infringement claim fails to sufficiently plead that Panasonic's accused products lack substantial non-infringing uses.

Moreover, any post-suit damages cover only a few days, and these *de minimis* claims do not merit their drain on the Court's resources.   The Complaint was filed only forty-one days before the sole patent at issue expired.   All of the claims of this patent are method claims, so if any relief is available to Plaintiffs (which Panasonic denies), that relief will be almost exclusively based on a few days of alleged indirect infringement after initiation of the lawsuit. Accordingly, promptly addressing – and granting – the instant motion to dismiss Plaintiffs' pre-filing indirect infringement claims will preserve the Court's resources and promote resolution of this matter.   Panasonic respectfully requests dismissal of Plaintiffs' indirect infringement claims under Rule 12(b)(6).

---

[1] To be clear: Panasonic does not dispute its knowledge of the asserted patent sometime after the filing of lawsuit.

DEFENDANT'S MOTION TO DISMISS CLAIMS OF
INDIRECT PATENT INFRINGEMENT                                                      1

Separately, the Complaint seeks certain injunctive relief enjoining Panasonic's sales.  But this relief is not available as a matter of law, because Plaintiffs' patent has expired.  Accordingly, Panasonic also moves, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, to strike Plaintiffs' prayer that the Court issue a preliminary and permanent injunction against Panasonic.

## I.    BACKGROUND

Plaintiffs' Complaint alleges infringement of only one patent: U.S. Patent No. 5,751,346 ("the '346 Patent").  *See* Dkt. No. 1 ("Compl."), at Ex. A.  The '346 Patent expired on February 10, 2015.[2]  The Complaint was filed on December 31, 2014, only 41 days before the '346 Patent expired.  *See generally id.*  In its Complaint, Plaintiffs allege both direct and indirect infringement.  Plaintiffs' Complaint contains only boilerplate allegations regarding indirect infringement:

> 20.  . . . . In addition, by selling and offering to sell these products to customers in the United States, Panasonic is actively, intentionally, and/or knowingly inducing or contributing to the infringement of one or more of Claims 4, 5, 6 and 7 of the '346 Patent by others, either literally or through the doctrine of equivalents.

> 21.  The Accused Products have no substantial uses that do not infringe the '346 Patent.

(Compl. at ¶¶ 20, 21.)

The Complaint does not make any attempt to plead the separate elements of indirect infringement, whether induced infringement or contributory infringement.  *See generally, id.* The Complaint specifies a number of "Accused Products" sold by Panasonic, which the Complaint identifies as digital cameras and video recording devices.  (*Id.* at ¶ 12.)   The

---

[2] The '346 Patent issued as a continuation of an application that was filed on February 10, 1995. *See* '346 Patent.  Pursuant to 35 U.S.C. § 154(a)(2), the term of the '346 Patent was 20 years from that filing date.

Complaint alleges that one feature of these devices – "the motion detection feature or functionality" – infringes the '346 Patent.  (*Id.* at ¶ 20.)

## II.   LEGAL STANDARD

In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a Plaintiff must allege sufficient factual matter that, when taken as true, states a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A claim is plausible on its face only when there are sufficient facts pleaded that allow the court to draw a reasonable inference that the defendant is liable for the misconduct alleged.  *Id.*  The determination of whether a claim is plausible on its face is "context-specific" and requires the court to "draw on its judicial experience and common sense." *Id.* at 679.

A complaint must identify the grounds upon which it claims entitlement to relief.  Fed. R. Civ. P. 8(a).  "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007).  Rule 8(a) "contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented." *Id.* (citation omitted).

In *Iqbal*, the Supreme Court further clarified that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" because "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  556 U.S. at 678-79.  A complaint is not sufficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement,'" and Rule 8(a) requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678.  "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* at 678 (citation omitted).  After stripping away unsupported legal conclusions, the complaint must contain sufficient factual

allegations to "plausibly give rise to an entitlement of relief." *Id.* at 664. Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.

*Twombly* also confirmed the propriety and desirability of resolving such issues early in a case through, for instance, a Rule 12(b)(6) motion to dismiss, to avoid costly and needlessly expansive discovery.  550 U.S. at 558 (plaintiffs' failures to satisfy Rule 8(a) pleading requirements should be dealt with "at the point of minimum expenditure of time and money by the parties and the court," and thus, "a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed.").

Plaintiffs' claims for induced and contributory infringement must be pleaded according to the heightened standards articulated in *Iqbal*.  *See, e.g.*, *In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1336-37 (Fed. Cir. 2012) (*Iqbal* pleading standards apply to claims for indirect infringement); *U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*, No. 6:12-CV-366, 2013 WL 8482270, at *3 (E.D. Tex. 2013) (same).  "[F]ailure to allege facts that plausibly suggest a specific element or elements of a claim have been practiced may be fatal in the context of a motion to dismiss." *Bill of Lading*, 681 F.3d at 1342.

Both induced and contributory infringement require knowledge of the patent and of the alleged indirect infringement.  *See Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2067-69 (2011); *InMotion Imagery Technologies v. Brain Damage Films*, No. 2:11-CV-414, 2012 WL 3283371, at *3 (E.D. Tex. 2012) (induced infringement "requires knowledge that the induced acts constitute infringement") (citing *Global-Tech*).  Thus, sufficiently pleading induced or contributory infringement requires allegations of additional elements beyond those needed to establish direct infringement.  Specifically, to show induced infringement, a plaintiff must allege not only that there has been direct infringement by another, but also that the alleged indirect

infringer knowingly induced the direct infringement and possessed specific intent to encourage the other's infringement.  *Symantec Corp. v. Computer Assocs. Int'l, Inc.*, 522 F.3d 1279, 1292 (Fed. Cir. 2008).  In addition to knowledge of the patent, specific intent requires "evidence of culpable conduct, directed to encouraging another's infringement."  *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006).  Plaintiffs' Complaint does not meet this heightened pleading standard.

III.   **PLAINTIFFS' CLAIMS REGARDING PRE-SUIT INFRINGEMENT SHOULD BE DISMISSED BECAUSE THE COMPLAINT FAILS TO IDENTIFY FACTS SUFFICIENT TO ESTABLISH PRE-SUIT KNOWLEDGE OF THE '346 PATENT.**

Plaintiffs have not pleaded facts that plausibly show that Panasonic had knowledge of the '346 Patent – let alone knowledge of the alleged infringement – prior to the filing of the Complaint on December 31, 2014.  Indeed, of the three paragraphs alleging facts relating to Panasonic's supposed knowledge, one refers only to Panasonic receiving actual knowledge of the '346 Patent when it was served with the Complaint.  *See* Compl. at ¶ 18.  Plaintiffs do not allege that they ever provided actual notice to Panasonic of the existence of the '346 Patent *before* filing of this lawsuit, let alone of Panasonic's supposed infringement.

Rather, Plaintiffs' Complaint requires an inference that Panasonic divined actual knowledge of the '346 Patent based on: (a) the citation of the '346 Patent in certain patent applications; and (b) the Security Center's marking of its products in conjunction with a 2013 trade show, at which Panasonic's employees or representatives could theoretically have seen the '346 Patent.  (*See* Compl. at ¶¶ 16-17.)  None of these allegations sufficiently pleads Panasonic's actual knowledge, so these claims should be dismissed.

First, the fact that the '346 Patent was cited in certain other patent applications does not establish Panasonic's knowledge of the '346 Patent, let alone knowledge of its infringement.

(*See* Compl. at ¶ 17 (Plaintiffs arguing that "[t]he '346 Patent has been cited as prior art with respect to 68 patent applications.").)  Other courts in this Circuit have rejected similar attempts by plaintiffs to sidestep pleading defendants' actual knowledge of a patent.  For example, in *Affinity Labs of Texas, LLC, v. Toyota Motor N. Am.*, the court rejected arguments that Toyota was constructively aware of the asserted patents, even though these patents had been cited by major businesses in the industry and related patents had been asserted against Toyota, specifically.  No. W:13-CV-365, 2014 WL 2892285, at *6-7 (W.D. Tex. 2014) (addressing Toyota's knowledge in considering willful blindness for induced infringement); *see also id.* at *6 ("There is simply no indication that constructive notice is meant to embrace the hundreds, if not thousands, of listed patents that would be generated in many cases [] based on the listing of a patent on the face of another patent.") (citing *Apeldyn Corp. v. AU Optronics Corp.*, 831 F. Supp. 2d 817, 831 (D. Del. 2011) *aff'd*, 522 F. App'x 912 (Fed. Cir. 2013).)  Indeed, more than three *million* patents have issued since the issuance of the '346 Patent,[3] and it is implausible to believe that Panasonic has been monitoring all of those patents, awaiting citation of the '346 Patent.  It is even more implausible to assume that Panasonic was aware of all the various references cited in those patents, so that Panasonic could determine if any of its numerous products might fall within the scope of any of the claims of those patents.

Plaintiffs' only other attempt at establishing Panasonic's knowledge of its alleged

---

[3] The Court may take judicial notice regarding the number of issued U.S. patents.  *See* Federal Rule of Evidence 201 (b)-(c) (stating that courts may unilaterally take judicial notice of a fact not subject to reasonable dispute because "it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").  The U.S. Patent Office's website shows that the first patent issued in 2015 was U.S. Patent No. 8,925,112, which is 3,173,766 numbers after the '346 Patent (Patent No. 5,751,346).  *See* http://www.uspto.gov/web/offices/ac/ido/oeip/taf/issuyear.htm.

DEFENDANT'S MOTION TO DISMISS CLAIMS OF
INDIRECT PATENT INFRINGEMENT                                                        6

infringement rests upon speculation that: (1) some unidentified employees of Panasonic *may* have visited Security Center's booth at a conference in 2013; (2) while visiting the booth, those unidentified employees *may* have seen a copy of the '346 Patent and/or the patent marking on the Security Center's products; (3) upon seeing a copy of the '346 Patent and/or the patent marking on the Security Center's products, those unnamed employees *may* have then procured a copy of the '346 Patent; and (4) upon procuring a copy of the '346 Patent, those employees *may* have evaluated Panasonic's entire product line and made a determination that Panasonic's products fall within the scope of the claims of the '346 Patent.  (*See* Compl. at ¶ 16.)[4]

But "[t]o survive [a] motion to dismiss," the Complaint "must contain facts plausibly showing that [Panasonic] <u>specifically</u> intended their customers to infringe the [] patent and <u>knew that the customer's acts constituted infringement</u>."  *See Bill of Lading*, 681 F.3d at 1339 (emphasis added).   At most, Plaintiffs' speculative line of reasoning shows that it is *conceivable* that a Panasonic employee may have once seen the '346 Patent or Plaintiffs' Product, but, even then, did so no sooner than May 2013.   The Complaint contains no allegations that this unnamed employee reported the product to his superiors, or had any affiliation with or knowledge of Panasonic's products at issue, or appreciated that one of Panasonic's many products could potentially infringe this particular patent.   Plaintiffs' speculative allegations have not "nudged [the] claims . . . across the line from conceivable to plausible."  *Iqbal*, 556 U.S. at 680.  This is not enough to survive a motion to dismiss.  *See Affinity Labs,* 2014 WL 2892285, at *4 ("While Plaintiff may have offered facts in its response

---

[4] Security Center also alleges in the same paragraph that it has marked its products with the number of the '346 Patent, and that these products were at certain trade shows and conventions. But Security Center does not specifically allege that anyone from Panasonic received, purchased, or even saw these products at any time other than the 2013 trade show.

for the Court to conclude that it was *conceivable* that Toyota had knowledge of the Asserted Patents, the complaint lacks facts that make such knowledge *plausible.*") (citations omitted) (emphasis in original). A complaint like this that "merely pleads facts that are consistent with a defendant's liability 'stops short of the line between possibility and plausibility. . . . '" *Bill of Lading*, 681 F.3d at 1332 (citing *Twombly*, 550 U.S. at 546).

In sum, Plaintiffs' scant allegations do not support a plausible theory under which Panasonic supposedly had pre-filing knowledge of the '346 Patent and, thus, do not support a plausible claim for indirect infringement for activities before the filing of the Complaint on December 31, 2014 (*i.e.*, 41 days before expiration of the '346 Patent). Accordingly, Plaintiffs' claims for pre-filing induced and contributory infringement should be dismissed.

## IV. PLAINTIFFS' COMPLAINT FAILS TO ADEQUATELY PLEAD INDIRECT INFRINGEMENT BECAUSE IT DOES NOT ALLEGE THE FACTUAL CONTENT NECESSARY TO SUPPORT THE CLAIM.

In addition to the failure to adequately plead pre-suit knowledge, the Complaint's claims of indirect infringement lack sufficient allegations regarding a number of other key elements. Indeed, the indirect infringement allegations in the Complaint consist only of boilerplate language. The Complaint merely accuses Panasonic of "inducing or contributing to the infringement . . . by others," (Compl. at ¶ 20), and paraphrases a portion of the statutory language concerning contributory infringement. (*Id* at ¶ 21.) Nowhere does the Complaint make any factual allegations that would support the key elements of Panasonic's specific intent to induce infringement or Panasonic's knowledge that any third party was infringing. Similarly, Plaintiffs' contributory infringement claim fails to sufficiently plead that Panasonic's accused products lack substantial non-infringing uses. Without such allegations, the Complaint fails to describe the means by which the '346 Patent allegedly was indirectly infringed, and therefore the indirect infringement claims should be dismissed.

### A.   Plaintiffs Fail to Plead Facts to Plausibly Allege Knowledge of the Patent or of the Alleged Infringement.

Plaintiffs have not adequately pleaded Panasonic's state of mind or identified the direct infringer that allegedly was induced to infringe.  (*See generally* Compl.)  As described above, there is no plausible allegation that Panasonic even knew of the '346 Patent before service of the complaint.  (*See supra* at 5-7.)  But even if Panasonic did know about the '346 Patent, that would not be sufficient to salvage Plaintiffs' Complaint.

A claim for induced infringement requires that the defendant "possessed a <u>specific intent</u> to encourage another's infringement of the patent." *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009) (emphasis added).  Similarly, a claim for contributory infringement requires a plaintiff to establish "§ 271(c)'s intent requirement" – that the defendant had specific knowledge that "the combination for which [its] component was especially designed was both patented and infringing." *Global-Tech*, 131 S. Ct. at 2067-68 (quoting *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964)).  To survive a motion to dismiss, a complaint must include "facts indicating an intention to cause infringement." *Lone Star Document Mgmt., LLC v. Atalasoft, Inc.*, No. 2:11-CV-00319, 2012 WL 4033322, at *3 (E.D. Tex. 2012) (citing *Bill of Lading*).

In other words, the "intent" elements require more than simple knowledge of the asserted patent – which Plaintiffs struggle to even allege in the first instance.  All Plaintiffs offer is the unsupported allegation that "by selling and offering to sell these products to customers in the United States, Panasonic is actively, intentionally, and/or knowingly inducing or contributing to the infringement of one or more of Claims 4, 5, 6 and 7 [of] the '346 Patent by others, either literally or through the doctrine of equivalents."  (Compl. at ¶ 20.)  Plaintiffs' allegation is entirely conclusory, and afforded no weight.  *Iqbal*, 556 U.S. at 678-79

(explaining that a court considering a motion to dismiss can reject allegations that "because they are no more than conclusions, are not entitled to the assumption of truth").  Indeed, this conclusory statement is lacking several necessary facts that would be required to survive a motion to dismiss.  As discussed above, Plaintiffs' Complaint does not pass the threshold hurdle of making a plausible allegation that Panasonic was aware of the '346 Patent before service of the complaint.  (*See supra* at 5-7.)  But even putting that entirely aside, Plaintiffs' allegations as to intent are still insufficient.  Beyond Plaintiffs' conclusory allegation, there are no <u>facts</u> pleaded indicating that Panasonic specifically intended for their customers to infringe the '346 Patent.  *See Bill of Lading*, 681 F.3d at 1339 ("To survive Appellees' motion to dismiss, therefore, R+L's amended complaints must contain <u>facts</u> plausibly showing that Appellees specifically intended their customers to infringe the '078 patent and knew that the customer's acts constituted infringement.") (emphasis added).  The most specific description of Panasonic's supposedly infringing customers is that there are "customers in the United States." (Compl. at ¶ 20.)  There are no facts alleged as to Panasonic's knowledge of its customers' acts, because there are no facts regarding those customers, whatsoever.  Complaints reciting much more specific facts about customers have been dismissed in other cases in this District. *See, e.g., U.S. Ethernet Innovations*, 2013 WL 8482270, at *4 ("USEI's allegations that Yamaha 'supplies' infringing systems and components and provides 'instructions' to its customers who allegedly infringe do not create a reasonable inference of inducement.")

In sum, Plaintiffs' dearth of actual facts means its Complaint fails to plausibly allege that Panasonic had the specific intent to infringe, and as such, their claims for induced and contributory infringement should be dismissed.

### B.    Plaintiffs Fail to Plead Facts to Plausibly Allege No Substantial Non-Infringing Use, Which Is Required for Contributory Infringement.

Plaintiffs also fail to allege sufficient facts to plausibly satisfy the element that Plaintiffs' goods must have no substantial, non-infringing uses.  *Bill of Lading*, 681 F.3d at 1337 ("[c]ontributory infringement occurs if a party sells or offers to sell, a material or apparatus . . . [that] has no substantial non-infringing uses"); *InMotion*, 2012 WL 3283371, at *3-4 (complaint must plead "<u>facts</u> adequate for the Court to find an inference that such components have no substantial non-infringing uses.") (emphasis added).  The Complaint merely provides a formulaic recitation of some elements of 35 U.S.C § 271(c), making conclusory allegations that Panasonic's Accused Products "have no substantial uses that do not infringe the '346 Patent." (Compl. ¶ 21.)  But there are no facts pleaded to support this statement – indeed the facts pleaded by Plaintiffs themselves undercut this statement, and require dismissal of the Complaint.

Plaintiffs base their infringement allegations on 61 different "Accused Products."  The Complaint identifies most of these products as "digital cameras."  (*See* Compl. ¶ 12 (referring to "numerous digital cameras" and listing 57 "IP Cameras").)  The other four products are identified as "video recording devices."  *Id.* (referring to "video recording devices" and listing "DVRs" and "NVRs").  The Complaint itself makes it clear that motion detection is only *one* feature of these cameras and recording devices.  (*See id* at ¶ 14 ("Panasonic has displayed one or more of the Accused Products and has provided demonstrations of <u>the various functions and features of those products</u>, <u>including</u> the motion detection feature.") (emphasis added).)

"For purposes of contributory infringement, the inquiry focuses on whether the accused products can be used for purposes *other than* infringement."  *Bill of Lading*, 681 F.3d at 1337. Of course, cameras and recording devices with "various functions and features" can be used for purposes other than motion detection (which Plaintiffs identify as the focus of their claims). Indeed, like the cameras and recording devices at issue in this case, "the seminal Supreme

Court contributory infringement case" also involved recording technology.  *Id.* at 1338.  As the Federal Circuit explained, "the accused VCR [in that case] could be used in two ways: to infringe a copyright by building a 'library' of broadcast movies, or in a substantial, noninfringing way to 'time-shift' a program for later viewing or to record an uncopyrighted program."  *Id.* (*citing Ricoh Co. v. Quanta Computer Inc.*, 550 F.3d 1325, 1339 (Fed. Cir. 2008); *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 443-46 (1984)).

Indeed, the Federal Circuit in *Bill of Lading* upheld dismissal of a complaint because that complaint's "own allegations make clear that [the accused products] can be used for multiple other purposes."  681 F.3d at 1338.  Plaintiffs in the instant case have admitted that the accused products are cameras and recording devices that have "various functions and features" besides the allegedly infringing motion detection feature.  Like the complaint in *Bill of Lading*, these claims should also be dismissed.

Even putting aside Plaintiffs' fatal admissions about the non-infringing uses of Panasonic's products, Plaintiffs' allegations, at most, make vague, conclusory allegations regarding Panasonic's non-infringing uses.  These are insufficient as a matter of law, and this Court has found that similar allegations do not plausibly support an inference that the allegedly infringing components have no substantial non-infringing uses.  *See, e.g.*, *InMotion*, 2012 WL 3283371, at *4 (dismissing contributory infringement claim where complaint did not "allege any facts adequate for the Court to find an inference that [the accused products] have no substantial non-infringing uses.").  Therefore, since Plaintiffs have not pleaded any facts to plausibly allege that no substantial non-infringing uses exist, Plaintiffs' claim for contributory infringement should be dismissed.

### C.     Courts Routinely Dismiss Deficient Indirect Infringement Claims.

As explained above, Plaintiffs fail to state a claim for indirect infringement that is

"plausible on its face" because, from the allegations of the Complaint, the Court cannot draw a reasonable inference that Panasonic is liable for the alleged conduct.  *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556, 570).  Courts in this district and elsewhere regularly dismiss indirect infringement claims for such pleading failures.  *See, e.g.*, *Realtime Data, LLC v. Stanley*, 721 F. Supp. 2d 538 (E.D. Tex. 2010); *Eolas Technologies, Inc. v. Adobe Systems, Inc.*, No. 6:09-CV-446, 2010 WL 2026627 (E.D. Tex. 2010); *Landmark Technology LLC v. Aeropostale*, No. 6:09-CV-262, 2010 WL 5174954 (E.D. Tex. 2010); *Bedrock Computer Technologies, LLC v. Softlayer Technologies, Inc.*, 2010 WL 5175172 (E.D. Tex. 2010); *Tech. Licensing Corp. v. Technicolor USA, Inc.*, No. 2:03-CV-1329, 2010 WL 4070208 (E.D. Cal. 2010); *Mallinckrodt, Inc. v. E-Z-Em, Inc.*, 670 F. Supp. 2d 349, 354 (D. Del. 2009); *Elan Microelectronics Corp. v. Apple, Inc.*, No. 09-CV-01531, 2009 WL 2972374 (N.D. Cal. 2009); *AntiCancer Inc. v. Xenogen Corp.*, 248 F.R.D. 278, 282 (S.D. Cal. 2007); *Hewlett-Packard Co. v. Intergraph Corp.*, No. 03-2517, 2003 WL 23884794 (N.D. Cal. 2003); *Wistron v. Adams & Assocs.*, 2011 WL 4079231 (N.D. Cal. 2011); *Discflo Corp. v. Am. Process Equip. Inc.*, 2011 WL 6888542 (S.D. Cal. 2011); *Wright Mfg., Inc. v. Toro Co.*, 2011 WL 6211172 (D. Md. 2011). Plaintiffs' Complaint should similarly be dismissed.

## V.   GIVEN THE LIMITED DAMAGES IN THIS CASE, THE COURT IS FREE TO DISMISS THE COMPLAINT TO PRESERVE THE COURT'S RESOURCES.

As set forth above, the Complaint in the present case was filed only 41 days before the sole patent-in-suit expired.  (*See supra* at 2.)  Accordingly, any post-suit damages (and Panasonic denies there are any) cover only a short period.  However, these *de minimis* claims do not merit the drain on the Court's resources, and the Court is free to dismiss them.

Indeed, this Court took a similar step in a recent case.  *See Babbage Holdings, LLC v. Activision Blizzard, Inc.*, No. 2:13-CV-750, 2014 WL 2115616, at *2 (E.D. Tex. 2014, Judge R.

Gilstrap) (dismissing indirect infringement claims with prejudice, holding that because Babbage's damages claims covered only three to six days, Babbage "has failed to allege more than a *de minimis* indirect infringement claim, which does not justify or support the use of this Court's limited resources."). Given the short potential damage period and, relatedly, minimal potential damages, Panasonic respectfully requests that the Court dismiss Plaintiffs' indirect infringement claims under Federal Rule of Civil Procedure 12(b)(6).

## VI. THE PRAYER FOR INJUNCTIVE RELIEF SHOULD BE STRUCK FROM THE COMPLAINT BECAUSE THE RELIEF SOUGHT IS NOT RECOVERABLE AS A MATTER OF LAW.

Because Plaintiffs' patent has expired, it cannot support an injunction of Panasonic's sales. Accordingly, Plaintiffs' requested injunctions are unavailable as a matter of law, and the request for this relief should be struck from the Complaint.

Pursuant to Fed. R. Civ. P. 12(f), a court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Parts of the prayer for relief may be struck if the relief sought is "not recoverable as a matter of law." *Schabaz v. Polo Ralph Lauren Corp.*, 586 F. Supp. 2d 1205, 1209 (C.D. Cal. 2008) (citations omitted); s*ee also Hemphill v. Celanese Corp.*, 2009 WL 2949759, at *5 (N.D. Tex. 2009) (striking a prayer for relief that was not available under the relevant statutory authority).

Plaintiffs request, *inter alia*, that the Court issue both a preliminary and a permanent injunction against Panasonic, enjoining it from "making, using, selling, or offering for sale in the United States any products, and from undertaking any processes or methods embodying the patented inventions claimed in the '346 Patent." (Compl. ¶ 7.) However, the '346 Patent expired on February 10, 2015. It is well established that once a patent has expired, injunctive relief is no longer available. *Lans v. Digital Equipment Corp.*, 252 F.3d 1320, 1328 (Fed. Cir. 2001) ("Uniboard has not stated a claim on which relief can be granted" because "[t]he district

court cannot enjoin the Computer Companies from infringing an expired patent."). Without a plausible claim for a preliminary or permanent injunction, this prayer for relief should be struck from the Complaint.

## VII.    CONCLUSION

For the reasons set forth above, Panasonic respectfully requests that the Court dismiss Plaintiffs' claim for indirect infringement for failure to state a claim and strike Plaintiffs' request for issuance of a preliminary and permanent injunction.

DATED:  April 10, 2015

Respectfully submitted,

By: /s/ Kevin D. Collins

Michael A. Dorfman
Katten Muchin Rosenman LLP
*pro hac vice filed*
525 West Monroe Street
Chicago, Illinois  60661
michael.dorfman@kattenlaw.com
(312) 902-5658   direct
(312) 902-1061   fax

Kevin D. Collins
Katten Muchin Rosenman LLP
Texas Bar No. 24050438
111 Congress Avenue, Suite 1000
Austin, Texas 78701-4073
kevin.collins@kattenlaw.com
(512) 691-4007   direct
(512) 691-4001   fax

***ATTORNEYS FOR PANASONIC
CORPORATION OF NORTH AMERICA***

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 10, 2015.

/s/ *Kevin D. Collins*
Kevin D. Collins